JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  8:19-cv-01483-JLS-DFM                                   Date: November 18, 2019
               8:19-cv-01615-JLS-ADS
Titles:  Ronnie Lyles v. U.S. Bank, N.A.
        Ronnie Lyles v. U.S. Bank NA

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                      N/A
  Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

        Not Present                              Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS (Doc. 10 in Case No. 8:19-cv-01483-JLS-DFM; Doc. 10 in Case No. 8:19-cv-01615-JLS-ADS)**

     Plaintiff in the above-referenced actions filed two separate lawsuits against the same Defendant regarding two real estate parcels. Each action alleges a single state-law claim for cancellation of instruments. Accordingly, the Court now has before it two Motions to Dismiss—one as to each action—filed by Defendant U.S. Bank. (Mot., Doc. 10 in Case No. 8:19-cv-01483 ("No. 1483"); Mot., Doc. 10 in Case No. 8:19-cv-01615 ("No. 1615").)[1] Plaintiff opposed, and Defendant replied. (Opp. Doc. 14; Reply, Doc. 16.) Having taken the Motions under submission, the Court GRANTS both Motions for the reasons set forth below.

**I.    BACKGROUND[2]**

---

[1] Because the two cases involve almost identical facts, and because the parties have filed almost identical papers in support of or in opposition to the Motions, the Court rules on the Motions together. Throughout this Order, the Court cites the docket of only one of the cases, No. 1483, unless otherwise indicated. Regardless, the relevant filings, except for the complaints, have the same document number in both cases.

[2] The Court takes judicial notice of the recorded deeds and nonjudicial foreclosure documents proffered by Defendant pursuant to Rule 201 of the Federal Rules of Evidence and notes that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos.  8:19-cv-01483-JLS-DFM<br>            8:19-cv-01615-JLS-ADS<br>Titles:  Ronnie Lyles v. U.S. Bank, N.A.<br>         Ronnie Lyles v. U.S. Bank NA | Date: November 18, 2019 |

Both cases involve real property: the Subject Property in Case No. 1483 is located at 812 North Olive St., Orange, CA 92867 (Compl. ¶ 7, Doc. 1), and the Subject Property in Case No. 1615 is located at 207 East Leatrice Lane, Anaheim, CA (Compl. ¶ 7, Doc. 2).

### A. Orange, CA Property (No. 1483)

Plaintiff owns, but does not occupy, this Subject Property. (No. 1483 Compl. ¶¶ 7, 9, Doc. 1.) On September 21, 2005, a Deed of Trust was recorded reflecting that on September 9, 2005, Plaintiff individually obtained a $601,250 loan secured by this Subject Property. (Ex. A to No. 1483 Request for Judicial Notice ("RJN"), Doc. 11-1.) The Deed of Trust identifies Nevis Funding Corp. ("Nevis") as the lender; Ticor Title Company as the trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.*) Soon after loan origination, Nevis sold the loan to EMC Mortgage Corporation ("EMC"). (No. 1483 Compl. ¶ 16, Doc. 1.)

On April 26, 2007, a Corporation Assignment of Deed of Trust was recorded, reflecting that on September 14, 2005, MERS, as nominee for the original lender (Nevis), assigned the Deed of Trust to itself. (No. 1483 Compl. ¶ 10, Doc. 1; Ex. B to No. 1483 RJN, Doc. 11-1.) Then, on September 9, 2010, another Assignment of Deed of Trust was recorded, this time reflecting that MERS assigned the Deed of Trust to Defendant U.S. Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-AC1. (No. 1483 Compl. ¶ 11, Doc. 1; Ex. C to No. 1483 RJN, Doc. 11-1.)

---

Plaintiff did not oppose Defendant's Request for Judicial Notice in either case. For purposes of a Motion to Dismiss, the Court deems the well-pleaded allegations of the Complaint to be true, unless they contradict facts the Court has judicially noticed. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos. 8:19-cv-01483-JLS-DFM<br>8:19-cv-01615-JLS-ADS | Date: November 18, 2019 |
| Titles: Ronnie Lyles v. U.S. Bank, N.A.<br>Ronnie Lyles v. U.S. Bank NA | |

On April 27, 2011, a Warranty Deed was recorded in which Plaintiff conveyed the Subject Property to his DBA, Douglas Forrest Financial, LLC. (No. 1483 Compl. ¶ 12, Doc. 1; Ex. G to No. 1483 RJN, Doc. 11-1.) About two years later, on March 13, 2018, a Notice of Default and Election to Sell Under Deed of Trust was recorded on the Subject Property, reflecting that Plaintiff was in default in the amount of $372,931.04 as of March 12, 2018. (No. 1483 Compl. ¶ 14, Doc. 1; Ex. N to No. 1483 RJN, Doc. 11-1.) A Notice of Trustee's Sale was recorded on February 7, 2019 and scheduled for March 5, 2019. (No. 1483 Compl. ¶ 15, Doc. 1; Ex. P to No. 1483 RJN, Doc. 11-1.) The scheduled sale currently appears on the relevant website as "cancelled." (No. 1483 Compl. ¶ 15, Doc. 1.)

### B. Anaheim, CA Property (No. 1615)

Plaintiff owns, but does not occupy, this Subject Property, too. (No. 1615 Compl. ¶¶ 7, 9, Doc. 2.) On September 23, 2005, a Deed of Trust was recorded reflecting that, on September 9, 2005, Plaintiff individually obtained a $578,500 loan secured by this Subject Property. (Ex. A to No. 1615 RJN, Doc. 11-1.) The Deed of Trust identifies Nevis as the lender; Ticor Title Company as the trustee; and MERS as the beneficiary. (*Id.*) Soon after loan origination, Nevis sold the loan to EMC. (No. 1615 Compl. ¶ 15, Doc. 2.)

On February 21, 2012, a Corporate Assignment Deed of Trust was recorded, reflecting that MERS, as nominee for the original lender (Nevis), assigned the Deed of Trust to Defendant. (No. 1615 Compl. ¶ 10, Doc. 2; Ex. B to No. 1615 RJN, Doc. 11-1.) Some months later, on December 7, 2012, a Grant Deed was recorded reflecting that Plaintiff transferred this Subject Property to East Leatrice Lane 207 Land Trust, Sapphire LTC Ltd., Trustee. (Ex. F to No. 1615 RJN, Doc. 11-1.) Between November 29, 2014 and the end of July 2015, a 10% interest in the property switched hands twice, first by a Grant Deed from Plaintiff, through Soloman Cove Financial LLC, to Francis Cavazsos, and then from Cavazsos back to Soloman Cove. (Exs. J, L to No. 1615 RJN, Doc. 11-1.) Both transfers of partial title were recorded late. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos.  8:19-cv-01483-JLS-DFM<br>               8:19-cv-01615-JLS-ADS | Date: November 18, 2019 |
| Titles:  Ronnie Lyles v. U.S. Bank, N.A.<br>           Ronnie Lyles v. U.S. Bank NA | |

On March 26, 2019, a Notice of Default and Election to Sell Under Deed of Trust was recorded on this Subject Property, reflecting that Plaintiff was in default in the amount of $511,384.90 as of March 25, 2019.  (No. 1615 Compl. ¶ 13, Doc. 2; Ex. O to No. 1615 RJN, Doc. 11-1.)  A Notice of Trustee's Sale was recorded on June 25, 2019 and scheduled for August 26, 2019.  (No. 1615 Compl. ¶ 14, Doc. 2; Ex. P to No. 1615 RJN, Doc. 11-1.)  The scheduled sale must not have taken place given that Plaintiff responds to Defendant's argument regarding the timing of this action (pre-foreclosure) on its merits and does not state that a foreclosure sale has taken place.  (*See* No. 1615 Opp. at 16–18, Doc. 14.)

### C.  Plaintiff's Allegations – Both Cases

Plaintiff alleges that the Nevis-to-EMC sale was not a valid assignment, rendering the loans inalienable, and that Nevis was a "table lender" in the arrangements, meaning that Nevis "received full loan value . . . in [an] 'off-the-books' funding arrangement for fronting and allowing [EMC] to initially use [Nevis]'s name as original lender in the Note and [Deed of Trust]."  (Compl. ¶¶ 17–18, 22.)  With respect to the sale to the mortgage-backed securities trust, for which Defendant is trustee, Plaintiff alleges that the loan transferred in violation of the governing Pooling and Servicing Agreement dated January 31, 2006 ("PSA"), for it was without "the required intervening assignments of [the Deed of Trust] and complete chain of endorsements" and took place after the securitized trust's "closing date."  (*Id.* ¶¶ 26–31.)

In his own words, Plaintiff alleges:

> a current review of the chain of title in and to the real property securing the Deed of Trust from the registry of deeds of the Orange County Recorder does not show any assignment of [Deed of Trust] from original lender NEVIS FUNDING CORP. to EMC MORTGAGE, or to any entity, within the securitization trust's closing date on January 31, 2006, or 90 days thereafter. This was a material breach of the binding and governing securitization agreements.

(*Id.* ¶ 35.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  8:19-cv-01483-JLS-DFM                              Date: November 18, 2019
                 8:19-cv-01615-JLS-ADS
Titles:  Ronnie Lyles v. U.S. Bank, N.A.
            Ronnie Lyles v. U.S. Bank NA

Accordingly, via a cancellation of instruments cause of action, Plaintiff contends that Defendant does not have authority to foreclose upon and sell the Subject Properties. (*Id.* ¶ 43.) Plaintiff therefore asks the Court to cancel and expunge the "void or voidable" Assignments of Deed of Trust and other recorded nonjudicial foreclosure documents. (*See id.* at 10.) Plaintiff presumably refers to the Assignment of Deed of Trust to Defendant in each case.

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for 'failure to state a claim upon which relief can be granted.' Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Alfred v. Walt Disney Co.*, 388 F. Supp. 3d 1174, 1180 (C.D. Cal. 2019) (citation omitted) (quoting Fed R. Civ. P. 12(b)(6)). In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts must also draw all reasonable inferences in the light most favorable to the non-moving party. See *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A plaintiff must not merely allege conduct that is conceivable. When "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos.  8:19-cv-01483-JLS-DFM<br>              8:19-cv-01615-JLS-ADS | Date: November 18, 2019 |
| Titles:  Ronnie Lyles v. U.S. Bank, N.A.<br>           Ronnie Lyles v. U.S. Bank NA | |

Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Permissibility of Pre-Foreclosure Action for Cancellation of Instruments

Defendant argues, among other things, that the Court should dismiss Plaintiff's Complaint because, under California law, it is an improper preemptive attack on Defendant's authority to foreclose on the Subject Properties. (Mot. at 10, Doc. 10.) The Court agrees.

Although California's highest court has not spoken on this issue, *see Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 848 (Cal. 2016), the Court is not without guidance. "When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue" using for guidance, among other sources, "intermediate appellate court decisions[.]" *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (internal quotation marks and citations omitted). "However, where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Id.* (internal quotation marks and citation omitted). California's intermediate appellate courts have spoken unequivocally on this issue—ruling, as Defendant correctly points out, that pre-foreclosure challenges to an entity's authority to foreclose are impermissible in California—and the Court has not found convincing evidence that the California Supreme Court would decide differently.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos.  8:19-cv-01483-JLS-DFM<br>                8:19-cv-01615-JLS-ADS | Date: November 18, 2019 |
| Titles:  Ronnie Lyles v. U.S. Bank, N.A.<br>             Ronnie Lyles v. U.S. Bank NA | |

"California courts do not allow" preemptive "preforeclosure suit[s] challenging [an entity's or individual's] authority to foreclose." *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795–96 (Cal. Ct. App. 2016); *see also Williams v. Bank of Am., N.A.*, 701 F. App'x 626, 628 (9th Cir. 2017) ("A borrower cannot assert a California-law claim for cancellation of instruments in a preemptive pre-foreclosure action."). Undergirding this rule is California courts' concern that permitting these kinds of preemptive actions would "result in the impermissible interjection of the courts into a nonjudicial [foreclosure] scheme enacted by the California Legislature." *Jenkins v. JPMorgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 925 (Cal. Ct. App. 2013), *disapproved of on other grounds by Yvanova*, 365 P.3d 845.

Here, via his California-law claim for cancellation of instruments, Plaintiff attempts to challenge Defendant's authority to foreclosure on his properties. Indeed, given that Plaintiff does not dispute that he is in default on both Subject Properties, the instant actions appear to have "no other purpose . . . than to delay a valid foreclosure." *Keshtgar v. U.S. Bank, N.A.*, No. 2D CIVIL NO. B246193, 2016 WL 4183750, at *2 (Cal. Ct. App. Aug. 8, 2016). In view of unambiguous guidance from California's intermediate appellate courts, the Court will not allow Plaintiff to do so, especially because the Court finds persuasive the rationale of not disturbing California's statutory scheme.

In a bid to convince the Court that California's intermediate appellate courts are wrong, Plaintiff characterizes *Saterbak* as a "California Court of Appeals attempt . . . to rewrite New York law." (Opp. at 16, Doc. 14.) And, Plaintiff adds, turning *Jenkins*'s rationale on its head, that "[a]llowing Defendant to complete a foreclosure sale in the instant case would result in a clear violation of the statutory scheme governing non-judicial foreclosures[.]" (*Id.*) More aptly, Plaintiff turns the Court's attention to an opinion from the Northern District of California, *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2016 WL 1059423 (N.D. Cal. Mar. 17, 2016), which predicted that the California Supreme Court will ultimately bar only pre-foreclosure suits by "plaintiffs who lack any 'specific factual basis' for bringing their claims[,]" *id.* at *13.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  8:19-cv-01483-JLS-DFM                                      Date: November 18, 2019
                 8:19-cv-01615-JLS-ADS
Titles:  Ronnie Lyles v. U.S. Bank, N.A.
            Ronnie Lyles v. U.S. Bank NA

But *Lundy* based its prediction of how the California Supreme Court would rule on the issue at bar on an analysis of *Yvanova*, in which California's highest court repeatedly emphasized that the permissibility of "a lawsuit to preempt a nonjudicial foreclosure" was outside the scope of review in that case.  *See, e.g.*, *Yvanova*, 365 P.3d at 855.  In *Yvanova*, the California Supreme Court held "*only* that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment."  365 P.3d at 848 (emphasis added).  The court in *Yvanova* gave no indication that the California Supreme Court would extend its reasoning to the pre-foreclosure context.  Nor has the California Supreme Court done so in other cases.

On remand for reconsideration in light of the *Yvanova* decision, the California Court of Appeal in *Keshtgar* was once again called upon to determine whether a pre-foreclosure challenge on authority to foreclose was viable.  The appellate court's ruling was unmistakably clear:  "We have reconsidered the matter in light of *Yvanova* and have determined *Yvanova* has no bearing on this case.  *Yvanova* applies only to actions alleging wrongful foreclosure, *not actions to preempt foreclosure*.  We again affirm." *Keshtgar v. U.S. Bank, N.A.*, 2016 WL 4183750, at *1 (emphasis added).

The Court agrees and, regardless, is obligated to follow the California appellate courts on this issue, *see Lewis*, 87 F.3d at 1545.  Therefore, the Court finds Plaintiff's claims in both cases fail as a matter of law, warranting dismissal of the complaints.

### B.  Leave to Amend

Because Plaintiff's claims fail as a matter of law, leave to amend would be futile.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case Nos.  8:19-cv-01483-JLS-DFM<br>          8:19-cv-01615-JLS-ADS | Date: November 18, 2019 |
| Titles:  Ronnie Lyles v. U.S. Bank, N.A.<br>        Ronnie Lyles v. U.S. Bank NA | |

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss in both cases (No. 8:19-cv-01483 and No. 8:19-cv-01615) are GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

Initials of Preparer:  tg